TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00797-CR






Kim Howard Lindley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,510, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







A jury found appellant Kim Howard Lindley guilty of attempted aggravated assault. 
Tex. Penal Code Ann. §§ 15.01(a), 22.02(a) (West 1994). The jury assessed punishment,
enhanced by a previous felony conviction, at imprisonment for ten years and a $10,000 fine. 
Appellant's only point of error is that the evidence is factually insufficient to sustain the
conviction. We will overrule this contention and affirm.

Appellant called the Milam County emergency dispatcher around 12:20 a.m. on
July 30, 1997, and reported that "his wife had jumped him and was hitting on him." Appellant
did not request an ambulance or report that anyone was hurt, but the dispatcher heard a woman's
voice screaming, "He's trying to kill me." In response to this call, Deputy Tommy Morgan was
dispatched to a trailer park in Rockdale.

Upon Morgan's arrival at the scene, witnesses told him they had seen a man beating
a woman and dragging her by the "back of the head." One of these witnesses testified that the
woman and man had been arguing outside a trailer, that the witness heard a "big old thump," that
he then saw the woman crawl up the steps into the trailer, that the man followed her inside, and
that shortly thereafter he heard "another thump, like a frying skillet . . . ."

Morgan went to the trailer, where he was met by appellant on the front steps. 
Through the glass door, Morgan could see a person lying on the floor. Appellant told Morgan that
"his girlfriend had whipped up on him and she just turned into a wildcat . . . ." Morgan entered
the trailer, where he found Rebecca McCartney lying unconscious in a pool of blood. As Morgan
described it, there was "blood everywhere, gobs of blood." Nearby, Morgan saw a metal oxygen
bottle shown at trial to weigh twenty pounds. Morgan radioed for an ambulance and then spoke
to McCartney. She told the officer "he tried to kill me and that's the only thing she could
remember." Later, appellant told Morgan that he hit McCartney "as hard as he could because she
deserved it for whipping up on him."

The emergency medical technician who responded to Morgan's call for assistance
testified that he thought McCartney was dead when he first saw her. After he found a pulse and
began treating her, he asked McCartney if she had been hit with the oxygen bottle. She told him
that she had. The doctor who treated McCartney at the hospital testified that her scalp was cut and
bruised, and that her skull had been fractured. He said that the injuries were consistent with being
hit on the head by the oxygen bottle. McCartney's blood alcohol level at the hospital indicated
that she was intoxicated.

McCartney testified that she and appellant had been living together in her trailer for
about a year. At around 7:30 on the night in question, they began to argue and appellant hit her
in the eye. She hit him back and told him to leave. He did so, taking her car. When appellant
returned to the trailer later that night, McCartney asked him for her car keys. He refused to give
them to her. When she persisted in her demand, appellant threw her to the kitchen floor and began
to kick her. McCartney did not remember being outside the trailer or being hit on the head. She
acknowledged that she had been drinking, but could not remember the amount.

Appellant testified that McCartney was intoxicated when he returned to the trailer. 
She accused him of being with another woman, and began cursing and slapping him. At some
point, appellant's arm was scratched or cut and began to bleed. Appellant admitted knocking
McCartney to the floor during their argument. Appellant testified that he and McCartney did not
fight outside the trailer and that he did not know how she incurred the injuries to her head. He
added that after he called the police, McCartney screamed at him, tore her shirt, and smeared
blood over herself. Appellant said that McCartney had hit him on another occasion, but that he
had never before hit her.

The defense called several other witnesses, including appellant's former wife and
his two daughters. These witnesses testified that McCartney had a violent reputation. Appellant,
on the other hand, was not a violent person and the witnesses had never known him to hit
McCartney. Appellant's former wife testified that he did not strike her during their eleven years
of marriage.

The district court's jury charge authorized appellant's conviction for attempted
aggravated assault and for the lesser included offense of assault. The charge also included a self-defense instruction. See Tex. Penal Code Ann. § 9.31(a) (West 1994). The jury found appellant
guilty of attempted aggravated assault as alleged in the indictment.

In Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991), the court
articulated the test for legal sufficiency in a case in which self-defense is raised: "whether after
viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact
would have found the essential elements of [the offense] beyond a reasonable doubt and also would
have found against [the defendant] on the self-defense issue beyond a reasonable doubt." Id.
(citing Jackson v. Virginia, 443 U.S. 307 (1979)). When conducting a factual sufficiency review,
the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is
considered equally, including the testimony of defense witnesses and the existence of alternative
hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict
will be set aside for factual insufficiency only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Clewis v. State 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely
filed). Substituting the Clewis test for factual sufficiency for the Jackson legal sufficiency test
employed in Saxton, appellant argues that the jury's finding of guilt and its implicit finding against
him on the self-defense issue are so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.

The evidence leaves no doubt that appellant and McCartney violently argued on the
night she was injured. But even if the jury accepted as true appellant's claim that McCartney was
the aggressor, and that she slapped appellant and somehow caused his arm to bleed, it could
nevertheless conclude beyond a reasonable doubt that appellant used unreasonably excessive force
to defend himself against McCartney's attack. See Penal Code § 9.31. Appellate courts exercise
their fact jurisdiction only to prevent a manifestly unjust result. Reina v. State, 940 S.W.2d 770,
773 (Tex. App.--Austin 1997, pet. ref'd). We find no manifest injustice in the jury's conclusion
that McCartney's conduct did not justify the beating she received from appellant. The point of
error is overruled.

In addition to the brief filed by counsel, appellant has tendered a pro se brief. An
appellant is not entitled to hybrid representation. Tobias v. State, 884 S.W.2d 571, 585 (Tex.
App.--Fort Worth 1994, pet. ref'd). Nevertheless, we have examined the pro se contentions in
the interest of justice and find them to be without merit. 

The judgment of conviction is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: December 29, 1998

Do Not Publish



hat after he called the police, McCartney screamed at him, tore her shirt, and smeared
blood over herself. Appellant said that McCartney had hit him on another occasion, but that he
had never before hit her.

The defense called several other witnesses, including appellant's former wife and
his two daughters. These witnesses testified that McCartney had a violent reputation. Appellant,
on the other hand, was not a violent person and the witnesses had never known him to hit
McCartney. Appellant's former wife testified that he did not strike her during their eleven years
of marriage.

The district court's jury charge authorized appellant's conviction for attempted
aggravated assault and for the lesser included offense of assault. The charge also included a self-defense instruction. See Tex. Penal Code Ann. § 9.31(a) (West 1994). The jury found appellant
guilty of attempted aggravated assault as alleged in the indictment.

In Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991), the court
articulated the test for legal sufficiency in a case in which self-defense is raised: "whether after
viewing all the evidence in the light most favorable to the prosecution, any rational trier of fact
would have found the essential elements of [the offense] beyond a reasonable doubt and also would
have found against [the defendant] on the self-defense issue beyond a reasonable doubt." Id.
(citing Jackson v. Virginia, 443 U.S. 307 (1979)). When conducting a factual sufficiency review,
the evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is
considered equally, including the testimony of defense witnesses and the existence of alternative
hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict
will be set aside for factual insufficiency only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Clewis v. State 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely
filed). Substituting the Clewis test for factual sufficiency for the Jackson legal sufficiency test
employed in Saxton, appellant argues that the jury's finding of guilt and its implicit finding against
him on the self-defense issue are so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.

The evidence leaves no doubt that appellant and McCartney violently argued on the
night she was injured. But even if the jury accepted as true appellant's claim that McCartney was
the aggressor, and that she slapped appellant and somehow caused his arm to bleed, it could
nevertheless conclude beyond a reasonable doubt that appellant used unreasonably excessive force
to defend himself against McCartney's attack. See Penal Code § 9.31. Appellate courts exercise
their fact jurisdiction only to prevent a manifestly unjust result. Reina v. State, 940 S.W.2d 770,
773 (Tex. App.--Austin 1997, pet. ref'd). We find no manifest injustice in the jury's conclusion
that McCartney's conduct did not justify the beating she received from appellant. The point of
error is overruled.

In addition to the brief filed by counsel, appellant has tendered a pro se brief. An
appellant is not entitled to hybrid representation. Tobias v. State, 884 S.W.2d 571, 585 (Tex.
App.--Fort Worth 1994, pet. ref'd). Nevertheless, we have examined the pro se contentions in
the interest of justice and find them to be without merit. 

The judgment of conviction is affirmed.